1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gregory Alan Rutchik, Esq. #195423
IDELL, BERMAN, SEITEL & RUTCHIK, LLP
the arts and technology law group
465 California Street, Suite 300
San Francisco, California 94104
Telephone: (415) 986-2400
Facsimile: (415) 392-9259

Attorneys for DATAPARK, INC. and
INTERTECHNOMICS, INC

Michael F. McCabe (SBN 111151)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

Mailing Address:
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:   415.543.8700
Facsimile:   415.391.8269

Attorneys for GMG Systems, Inc., Omnimex,
Omnipro Incorporated, Krasimir Gospodinov,
Valentin Georgiev and Tzvetan Mikov

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| DATAPARK, INC. and INTERTECHNOMICS, INC., | No.: C 05 02275-PJH |
| Plaintiffs, | |
| vs. | STIPULATION AND [PROPOSED] PROTECTIVE ORDER |
| GMG SYSTEMS, INC., a Nevada corporation; OMNIMEX, a Nevada corporation; OMNIPRO INCORPORATED, a Nevada corporation; KRASIMIR GOSPODINOV, an individual; VALENTIN GEORGIEV, an individual; TZVETAN MIKOV, an individual; ROGER TU LEE, an individual; and DOES 1-10, | Complaint. Filed: June 3, 2005 Trial Date:       None Set The Honorable Phyllis J. Hamilton |
| Defendants. | |
| AND RELATED COUNTERCLAIMS AND THIRD-PARTY CLAIMS | |

1      1    PURPOSES AND LIMITATIONS

2           Disclosure and discovery activity in this action are likely to involve production of

3  confidential, proprietary, or private information for which special protection from public

4  disclosure and from use for any purpose other than prosecuting this litigation would be

5  warranted   Accordingly, the parties hereby stipulate to and petition the Court to enter the

6  following Stipulated Protective Order (the "Order").  The parties acknowledge that this Order

7  does not confer blanket protections on all disclosures or responses to discovery and that the

8  protection it affords extends only to the limited information or items that are entitled under the

9  applicable legal principles to treatment as confidential.  The parties further acknowledge, as set

10  forth in Section 10 below, that this Order creates no entitlement to file confidential information

11  under seal   Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the

12  standards that will be applied when a Party seeks permission from the Court to file material

13  under seal

14      2    DEFINITIONS

15        2 1    Party:  any party to this action, including all of its officers, directors,

16  employees, consultants, retained experts, and outside counsel (and their support staff).

17        2 2    Disclosure or Discovery Material:  all items or information, regardless of how

18  the medium or manner generated, stored, or maintained (including, among other things,

19  testimony, transcripts, or tangible things) that are produced or generated in disclosures or

20  responses to discovery in this matter.

21        2 3    "CONFIDENTIAL" Information or Items:  information (regardless of how

22  generated, stored or maintained) or any tangible thing that the Designating Party believes in good

23  faith constitutes proprietary commercial financial information, the disclosure of which may

24  implicate a right of financial privacy or have the effect of causing harm to the competitive

25  position of the person, firm, partnership, corporation or to the organization from which the

26  information was obtained.  "CONFIDENTIAL" Information or Items may include, but are not

27  limited to, information or things that concern or relate to the products, processes, operations,

28  software, designs, type or work, or apparatus, or to the production, sales, shipments, purchases,

1  transfers, identification of customers, inventories, amount or source of any income, profits,

2  losses or expenditures of any persons, firm, partnership, corporation or other organization. All

3  such "CONFIDENTIAL" Information or Items shall only be used for the purpose of this

4  litigation but need not be filed under seal if such information or items to be used in court qualify

5  for protection under standards developed under F.R. Civ. P. 26(c). By designating information

6  or items as "CONFIDENTIAL" under the terms of this Order, the Designating Party is certifying

7  to the Court that there is a good faith basis in law and in fact for the designation within the

8  meaning of Federal Rules of Civil Procedure 26(g).

9         2.4    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY":

10  Information or Items: extremely sensitive "CONFIDENTIAL" Information or Items that the

11  Designating Party believes in good faith constitutes a trade secret or other highly confidential

12  research, development, financial or commercial information, including, but not limited to,

13  information or items that concern or relate to the products, processes, operations, software,

14  designs, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers,

15  identification of customers, inventories, amount or source of any income, profits, losses or

16  expenditures of either Party, the dissemination of which to another Party or non-party is likely to

17  create a substantial risk of harm to the ability of the Designating Party and/or its affiliates to

18  conduct business in a competitive fashion. Items or information designated as "HIGHLY

19  CONFIDENTIAL – ATTORNEYS' EYES ONLY" may not be stored or viewed at Plaintiffs',

20  Defendants' or Third-Party Defendant's business location (excluding the Designating Party).

21         2.5    Receiving Party: a Party that receives Disclosure or Discovery Material

22  from a Producing Party.

23         2.6    Producing Party: a Party or non-party that produces Disclosure or

24  Discovery Material in this action.

25         2.7    Designating Party: a Party or non-party that designates information or

26  items that it produces in disclosures or in responses to discovery as "Confidential" or "HIGHLY

27  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

28         2.8    Protected Material: any Disclosure or Discovery Material that is

1   designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
2   ONLY "

3             2.9     Outside Counsel:  attorneys who are not House Counsel, as defined below,
4   but who are retained to represent or advise a Party in this action. Unless otherwise expressly
5   approved through stipulation or order, Outside Counsel shall include the partners, associates and
6   their support staff appearing on behalf of the parties to this litigation from the law firms of
7   IDELL, BERMAN, SEITEL & RUTCHIK, LLP on behalf of Plaintiffs and Third-Party
8   Defendant, Steve Haralambiew, and REED SMITH LLP on behalf of Defendants GMG
9   Systems, Inc. Omnimex, Omnipro Incorporated, Krasimir Gospodinov, Valentin Georgiev and
10   Tzvetan Mikov

11             2 10    House Counsel:  attorneys who are employees of or provide legal services
12   on a full time basis and work on the premises of a Party or affiliate of a Party who have been
13   identified, in writing, to the opposition Party and its Outside Counsel and who have executed the
14   Acknowledgement and Agreement to be bound, attached as Exhibit "A" hereto

15             2 11    Counsel (without qualifier):  Outside Counsel and House Counsel (as well
16   as their support staffs)

17             2 12    Expert:  a person with specialized knowledge or experience in a matter
18   pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert
19   witness or as a consultant in this action and who is not a past or current employee of a Party or of
20   a competitor of a Party and who, at the time of retention, is not anticipated to become an
21   employee of a Party or a competitor of a Party.  This definition includes a professional jury or
22   trial consultant retained in connection with this litigation.

23             2 13    Professional Vendors:  persons or entities that provide litigation support
24   services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;
25   organizing, storing, retrieving data in any form or medium; etc.) and their employees and
26   subcontractors

27             3     SCOPE
28       The protections conferred by this Order cover not only Protected Material (as defined

1  above), but also any information copied or extracted therefrom, as well as all copies, excerpts,

2  summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or

3  counsel to or in court or in other settings that might reveal Protected Material.

4      4.    DURATION

5      Even after the termination of this litigation, the confidentiality obligations imposed by

6  this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

7  order otherwise directs

8      5    DESIGNATING PROTECTED MATERIAL

9      5 1    Exercise of Restraint and Care in Designating Material for Protection.

10 Each Party or non-party that designates information or items for protection under this Order must

11 take care to limit any such designation to specific material that qualifies under the appropriate

12 standards  A Designating Party must take care to designate for protection only those parts of

13 material, documents, items, or oral or written communications that qualify – so that other

14 portions of the material, documents, items, or communications for which protection is not

15 warranted are not swept unjustifiably within the ambit of this Order.

16     Mass, indiscriminate, or routinized designations are prohibited   Designations that

17 are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

18 unnecessarily encumber or retard the case development process, or to impose unnecessary

19 expenses and burdens on other parties), expose the Designating Party to sanctions.

20     If it comes to a Party's or a non-party's attention that information or items that it

21 designated for protection do not qualify for protection at all, or do not qualify for the level of

22 protection initially asserted, that Party or non-party must promptly notify all other parties that it

23 is withdrawing the mistaken designation.

24     5 2    Manner and Timing of Designations.  Except as otherwise provided in this

25 Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

26 material that qualifies for protection under this Order must be clearly so designated before the

27 material is disclosed or produced.

28     Designation in conformity with this Order requires:

1           (a)    <u>for information in documentary form</u> (apart from transcripts of

2  depositions or other pretrial or trial proceedings) that the Producing Party affix the legend

3  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each

4  page that contains protected material. If only a portion or portions of the material on a page

5  qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

6  (e.g., by making appropriate markings in the margins) and must specify, for each portion, the

7  level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

8  ATTORNEYS' EYES ONLY").

9         A Party or non-party that makes original documents or materials available for

10  inspection need not designate them for protection until after the inspecting Party has indicated

11  which material it would like copied and produced. During the inspection and before the

12  designation, all of the material made available for inspection shall be deemed "HIGHLY

13  CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified

14  the documents it wants copied and produced, the Producing Party must determine which

15  documents, or portions thereof, qualify for protection under this Order, then, before producing

16  the specified documents, the Producing Party must affix the appropriate legend

17  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each

18  page that contains Protected Material. If only a portion or portions of the material on a page

19  qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

20  (e.g., by making appropriate markings in the margins) and must specify, for each portion, the

21  level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

22  ATTORNEYS' EYES ONLY").

23           (b)    <u>for testimony given in deposition or in other pretrial or trial</u>

24  <u>proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the

25  record, before the close of the deposition, hearing, or other proceeding, all protected testimony,

26  and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL –

27  ATTORNEYS' EYES ONLY."

28        When testimony designated as "CONFIDENTIAL" or "HIGHLY

1  CONFIDENTIAL – ATTORNEYS' EYES ONLY" is elicited during a deposition, persons not
2  entitled to receive such information under the terms of this Order shall be excluded only from the
3  portion of the deposition that the examining attorney reasonably believes that
4  "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
5  information shall be elicited.

6        Transcript pages containing Protected Material must be separately bound by the
7  court reporter, who must affix to each such page the legend "CONFIDENTIAL" or "HIGHLY
8  CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party
9  offering or sponsoring the witness or presenting the testimony.  Counsel attending a deposition
10  who inadvertently fails to designate any portion of the transcript as "CONFIDENTIAL" or
11  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the record at the deposition
12  shall have twenty (20) days following mailing of the transcript by the court reporter in which to
13  do so  Such correction and notice thereof shall be made in writing to the court reporter, with
14  copies to all other counsel, designating the portion(s) of the transcript that constitution
15  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
16  information and directing the reporter to place the same under seal.  Until expiration of the
17  aforesaid twenty (20) day period, all deposition transcripts shall be considered and treated as
18  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, unless otherwise agreed on record
19  at the deposition

20       (c)   for information produced in some form other than documentary,
21  and for any other tangible items, that the Producing Party affix in a prominent place on the
22  exterior of the container or containers in which the information or item is stored the legend
23  "CONDFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If
24  only portions of the information or items warrant protection, the Producing Party, to the extent
25  practicable, shall identify the protected portions, specifying whether they qualify as
26  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."
27       (d)   for information obtained from a Third Party: If a Party serves a Third
28  Party with a subpoena or submits or causes to be submitted a public records act request, that

1    Party shall also serve a copy of this Order along with said subpoena/public records act request,

2    and shall notify the other Party of said subpoena/public records act request within two days of

3    service/submission thereof. Said Third Party may designate any item or document as

4    "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

5    pursuant to the terms of this Order.

6         Additionally, any items or documents received from that Third Party shall be

7    treated as having been designated "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY"

8    for a period of thirty (30) days, during which time each Party shall have an opportunity to review

9    said items and/or documents and designate same as "CONFIDENTIAL" and/or "HIGHLY

10   CONFIDENTIAL – ATTORNEYS' EYES ONLY." If the parties dispute the designation of any

11   document or item, the designation affording the highest level of protection shall remain in place

12   until resolution of the issue, whether by agreement of the Parties or by court Order.

13        The Parties acknowledge and agree that not all documents defined under California

14   Government Code 6252(d) as a "public record" ( i.e., "any writing containing information

15   relating to the conduct of the public's business prepared, owned, used, or retained by any state or

16   local agency regardless of physical form or characteristics.") are subject to disclosure in response

17   to a public records act request and that the production of any document, including, but not

18   limited to, documents which are exempt from disclosure pursuant to California Government

19   Code Section 6254 15, in response to a public records act request which contains trade secrets is

20   improper. If documents containing trade secrets are produced in response to any public records

21   act request, either Party may designate those documents as "HIGHLY CONFIDENTIAL –

22   ATTORNEYS' EYES ONLY" AND/OR the Designating Party may take any action precude the

23   use of that document in this litigation.

24              5 3    Inadvertent Failures to Designate.

25        If corrected, an inadvertent failure to designate qualified information or items as

26   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not,

27   standing alone, waive the Designating Party's right to secure protection under this Order for such

28   material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY

1  CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced, the
2  Receiving Party, on timely notification of the designation, must make reasonable efforts to
3  assure that the material is treated in accordance with the provisions of this Order.

4      6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

5          6.1      Timing of Challenges. Unless a prompt challenge to a Designating Party's
6  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary
7  economic burdens, or a later significant disruption or delay of the litigation, a Party does not
8  waive its right to challenge a confidentiality designation by electing not to mount a challenge
9  promptly after the original designation is disclosed.

10          6.2      Meet and Confer. A Party that elects to initiate a challenge to a
11  Designating Party's confidentiality designation must do so in good faith and must begin the
12  process by conferring directly (including by voice dialogue) with counsel for the Designating
13  Party. In conferring, the challenging Party must explain the basis for its belief that the
14  confidentiality designation was not proper and must give the Designating Party an opportunity to
15  review the designated material, to reconsider the circumstances and, if no change in designation
16  is offered, to explain the basis for the chosen designation. A challenging Party may proceed to
17  the next stage of the challenge process only if it has engaged in this meet and confer process
18  first.

19          6.3      Judicial Intervention. A Party that elects to press a challenge to a
20  confidentiality designation after considering the justification offered by the Designating Party
21  may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule
22  79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the
23  challenge. Each such motion must be accompanied by a competent declaration that affirms that
24  the movant has complied with the meet and confer requirements imposed in the preceding
25  paragraph and that sets forth with specificity the justification for the confidentiality designation
26  that was given by the Designating Party in the meet and confer dialogue.

27          The burden of persuasion in any such challenge proceeding shall be on the Designating
28  Party. Until the Court rules on the challenge, all parties shall continue to afford the material in

Case No. 05-02275-PJH                    -9-
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

1  question the level of protection to which it is entitled under the Producing Party's designation.

2       7     ACCESS TO AND USE OF PROTECTED MATERIAL

3       7 1    Basic Principles  A Receiving Party may use Protected Material that is

4  disclosed or produced by another Party or by a non-party in connection with this case only for

5  prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

6  disclosed only to the categories of persons and under the conditions described in this Order.

7  When the litigation has been terminated, a Receiving Party must comply with the provisions of

8  section 11 below (FINAL DISPOSITION)

9      Protected Material must be stored and maintained by a Receiving Party at a location and

10  in a secure manner that ensures that access is limited to the persons authorized under this Order.

11       7 2    Disclosure of "CONFIDENTIAL" Information or Items. Unless

12  otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving

13  Party may disclose any information or item designated CONFIDENTIAL only to:

14        (a)    the Receiving Party's Outside Counsel of record in this action, as

15  well as employees of said Counsel to whom it is reasonably necessary to disclose the information

16  for this litigation;

17        (b)    the officers, directors, and employees (including House Counsel)

18  of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who

19  have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

20        (c)    Experts (as defined in this Order) of the Receiving Party to whom

21  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

22  Bound by Protective Order" (Exhibit A);

23        (d)    the Court and its personnel;

24        (e)    court reporters, their staffs, and professional vendors to whom

25  disclosure is reasonably necessary for this litigation;

26        (f)    during their depositions, witnesses in the action to whom

27  disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by

28  Protective Order" (Exhibit A) or who have agreed to be bound by the terms of the Order on the

1   record  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

2   Material must be separately bound by the court reporter and may not be disclosed to anyone

3   except as permitted under this Order.

4                    (g)    the author of the document or the original source of the

5   information

6           7 3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

7   ONLY" Information or Items   Unless otherwise ordered by the court or permitted in writing by

8   the Designating Party, a Receiving Party may disclose any information or item designated

9   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

10                  (a)    the Receiving Party's Outside Counsel of record in this action, as

11  well as employees of said Counsel to whom it is reasonably necessary to disclose the information

12  for this litigation

13                  (b)    House Counsel;

14                  (c)    Experts (as defined in this Order) (1) to whom disclosure is

15  reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by

16  Protective Order" (Exhibit A) and (3) as to whom the procedures set forth in paragraph 7.4,

17  below, have been followed;

18                  (d)    the Court and its personnel;

19                  (e)    court reporters, their staffs, and professional vendors to whom

20  disclosure is reasonably necessary for this litigation; and

21                  (f)    the author of the document or the original source of the

22  information

23         7 4    PROCEDURES FOR APPROVING DISCLOSURE OF "HIGHLY

24  CONFIDENTIAL-ATTORNEYS' EYES ONLY" INFORMATION OR ITEMS TO EXPERTS:

25                  (a)    Unless otherwise ordered by the court or agreed in writing by the

26  Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

27  information or item that has been designated "HIGHLY CONFIDENTIAL –ATTORNEYS'

28  EYES ONLY" first must make a written request to the Designating Party that (1) identifies the

1    specific information that the Receiving Party seeks permission to disclose to the Expert, (2) sets

2    forth the full name of the Expert and the city and state or his or her primary residence; (3)

3    attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s),

4    (5) identifies, to the best of the Expert's reasonable ability, each person or entity from whom the

5    Expert has received compensation for work in his or her area of expertise or to whom the Expert

6    has provided professional services at any time during the preceding five years and (6) identifies

7    (by name, number of the case, fling date and location of court) to the best of the Expert's

8    reasonable ability, any litigation in connection with which the Expert has provided any

9    professional services during the preceding five (5) years.

10                      (b)      A Party that makes a request and provides the information

11   specified in the preceding paragraph may disclose the Protected Material to the identified Expert

12   unless, within seven (7) court days of delivering the request, the Party receives a written

13   objection from the Designating Party. Any such objection must set forth in detail the grounds

14   upon which it is based.

15                      (c)      A Party that receives a timely written objection must meet and

16   confer with the Designating Party (preferably by or including voice to voice dialogue) to try to

17   resolve the matter by agreement. If no agreement is reached, the Party seeking to make the

18   disclosure may file a motion as provided in Local Rule 7 (and in compliance with Civil Local

19   Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must

20   describe the circumstances with specificity, set forth in detail the reasons for which the

21   disclosure to the expert is reasonably necessary, assess the risk of harm that the disclosure would

22   entail and suggest any additional means that might be used to reduce the risk   In addition, any

23   such motion must be accompanied by a competent declaration in which the movant describes the

24   parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and

25   confer discussions) and sets forth the reasons advanced by Designating Party for its refusal to

26   approve the disclosure.

27          In any such proceeding, the Party opposing the disclosure to the Expert shall bear the

28   burden of proving that the risk of harm that the disclosure would entail (under the safeguards

1  proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

2       8       PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

3  OTHER LITIGATION.

4            If a Receiving Party is served with a subpoena or an order issued in other

5  litigation that would compel disclosure of any information or items designated in this action as

6  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

7  Receiving Party must so notify the Designating Party, in writing (by fax, if possible)

8  immediately and in no event more than three court days after receiving the subpoena or order.

9  Such notification must include a copy of the subpoena or court order.

10           The Receiving Party also must immediately inform in writing the Party who

11  caused the subpoena or order to issue in the other litigation that some or all the material covered

12  by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must

13  deliver a copy of this Order promptly to the Party in the other action that caused the subpoena or

14  order to issue.

15           The purpose of imposing these duties is to alert the interested parties to the

16  existence of this Order and to afford the Designating Party in this case an opportunity to try to

17  protect its confidentiality interests in the court from which the subpoena or order issued.  The

18  Designating Party shall bear the burdens and the expenses of seeking protection in that court of

19  its confidential material – and nothing in these provisions should be construed as authorizing or

20  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

21       9       UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.  If a

22  Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to

23  any person or in any circumstance not authorized under this Order, the Receiving Party must

24  immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use

25  its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to

26  whom unauthorized disclosures were made of all the terms of this Order, and (d) request such

27  person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is

28  attached hereto as Exhibit A.

1        10      FILING PROTECTED MATERIAL. Without written permission from the

2    Designating Party or a court order secured after appropriate notice to all interest persons, a Party

3    may not file in the public record in this action any Protected Material designated as "HIGHLY

4    CONFIDENTIAL ATTORNEYS' EYES ONLY". A Party that seeks to file under seal any

5    Protected Material designated as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY"

6    or wishes to refer in a memorandum or other filing to information so designated by another Party

7    that Party must comply with Civil Local Rule 79-5. Within five days thereafter, the Designating

8    Party must file with the Court and serve a declaration establishing that the designated

9    information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or

10   must withdraw the designation of confidentiality. If the Designating Party does not file its

11   responsive declaration as required by this subsection, the document or proposed filing will be

12   made part of the public record. If a Party seeks to use Protected Material designated as

13   "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" in a Court proceeding and the

14   Court denies a request for a sealing order under Civil Local Rule 79-5, then the Protected

15   Material may be filed in the public record and not under seal. Protected Material with a

16   "CONFIDENTIAL" designation need not be filed under seal. If only a portion of the document,

17   memorandum or other filing is sealable, the submitting Party must also lodge with the Court a

18   redacted version of the document, memorandum or other filing to be placed in the public record

19   if the Court approves the requested sealing order.

20       11      FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the

21   Producing Party, within sixty (60) days after the final termination of this action, each Receiving

22   Party must return all Protected Material to the Producing Party. As used in this subdivision, "all

23   Protected Material" includes all copies, abstracts, compilations, summaries or any other form of

24   reproducing or capturing any of the Protected Material. With permission in writing from the

25   Designating Party, the Receiving Party may destroy some or all of the Protected Material instead

26   of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party

27   must submit a written certification to the Producing Party (and, if not the person or entity, to the

28   Designating Party) by the sixty (60) day deadline that identifies (by category where appropriate)

1    all the Protected Material that was returned or destroyed and that affirms that the Receiving Party

2    has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or

3    capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

4    retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

5    correspondence or attorney work product, even if such materials contain Protected Material.

6    Any such archival copies that contain or constitute Protected Material remain subject to this

7    Order as set forth in Section 4 (DURATION) above.

8         12    MISCELLANEOUS.

9              12.1    Right to Further Relief.  Nothing in this Order abridges the right of any

10   person to seek its modification by the Court in the future.  This Court shall retain jurisdiction to

11   resolve any dispute concerning the use of information disclosed hereunder.

12             12.2    Right to Assert Other Objections.  By stipulating to the entry of this Order,

13   no waives any right it otherwise would have to object to disclosing or producing any information

14   or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object

15   on any ground to use in evidence of any of the material covered by this Order.

16        //

17        //

18        //

19        //

20        //

21        //

22        //

23        //

24        //

25        //

26        //

27        //

28        //

1    13    PREVIOUS DISCLOSURES.

2         13.1    Applicability.  The Parties may agree that this Order govern Disclosure

3    and Discovery Material disclosed or produced prior to this Order.

4         13.2    Retroactive Designation.  Disclosure and Discovery Material disclosed or

5    produced prior to this Order may be retroactively designated as "CONFIDENTIAL" or

6    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" without prejudice to the

7    Designating Party.

8         IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

9

10   DATED: 9/28, 2005         IDELL BERMAN-SEITEL & RUTCHIK, LLP

11

12                            By: _____
                                  Gregory Alan Rutchik
13                                Attorneys for Plaintiffs and Third-Party Defendant

14

15

16   DATED: September 28, 2005    REED SMITH, LLP

17                            By Michael F. McCabe / Andrew W. Smetana
                                  Michael F. McCabe
18                                Attorneys for GMG Systems, Inc., Omnimex,
                                  Omnipro Incorporated, Krasimir Gospodinov,
19                                Valentin Georgiev and Tzvetan Mikov

20

21   PURSUANT TO STIPULATION, IT IS SO ORDERED.

22        9/30/05
23   DATED:_____      _____
                                  UNITED STATES DISTRICT JUDGE
24

25

26

27

28

EXHIBIT A
ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of DataPark, Inc v. GMG Systems, Inc., Civ. No 05 02275-PJH I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed Name:_____

Signature:_____