Gregory Alan Rutchik, Esq. (SBN 195423)
Patricia De Fonte, Esq. (SBN 223923)
IDELL, BERMAN, SEITEL & RUTCHIK, LLP
the arts and technology law group
The Merchants Exchange Building
465 California Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 986-2400
Facsimile: (415) 392-9259

Attorneys for Plaintiffs/Counter-Defendants
DataPark, Inc. and Intertechnomics, Inc.
and Third-Party Defendant Steve Haralambiew

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NORTHERN DIVISION

| | |
|---|---|
| DataPark, Inc. and Intertechnomics, Inc., <br><br> Plaintiffs, <br> vs. <br><br> GMG Systems, Inc. a Nevada corporation, Omnimex, a Nevada corporation, Omnipro, Inc., a Nevada corporation, Krasimir Gospodinov, an individual, Valentin Georgiev, an individual, Tzvetan Mikov, an individual, Roger Tu Lee, an individual, and Does 1-10, <br><br> Defendants. | Case No.: C 05 02275 PJH <br><br> STIPULATION AND [~~PROPOSED~~] ORDER REGARDING: <br><br> (1) WITHDRAWAL OF SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16 (ANTI-SLAPP), MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(f), AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE, RULE 12(b)(6); <u>AND</u> <br><br> (2) AMENDMENT OF COUNTERCLAIM AND VOLUNTARY DISMISSAL OF COUNTERCLAIMS AND THIRD PARTY CLAIMS FOR SLANDER, TRADE LIBEL AND INTENTIONAL INTERFERENCE WITH CONTRACT. <br><br> Date: November 23, 2005 <br> Time: 9:00 a.m. <br> Courtroom 3, 17th Floor <br> Honorable Phyllis J. Hamilton <br> Complaint Filed:    June 3, 2005 <br> Counterclaim Filed:  August 22, 2005 |
| AND RELATED COUNTERCLAIMS | |

05-02275-PJH                                                             1
STIPULATION AND [PROPOSED ORDER] REGARDING WITHDRAWAL OF MOVING PARTIES' MOTIONS
ATTACKING COUNTERCLAIMS AND DISMISSAL OF CERTAIN COUNTERCLAIMS

AND THIRD-PARTY CLAIMS

This Stipulation ("Stipulation") is entered into by and between Plaintiffs/Counterdefendants DataPark, Inc. and Intertechnomics, Inc., and Third-Party Defendant Steve Haralambiew (collectively, the "Moving Parties"), by and through their counsel Gregory Alan Rutchik, Esq. of Idell, Berman, Seitel & Rutchik LLP, on the one hand, and GMG Systems, Inc., Omnimex, Omnipro, Inc., Krasimir Gospodinov, Valentin Georgiev and Tzvetan Mikov (collectively, the "Counterclaimants"), by and through their counsel Michael F. McCabe, Esq. of Reed Smith LLP, on the other hand.

This Stipulation is made with reference to the following facts:

A. On or about August 22, 2005, Counterclaimants filed counterclaims against DataPark, Inc. and Intertechnomics, Inc., and third-party claims against Steve Haralambiew (the "Counterclaim").

B. The Counterclaim included claims for slander, as against Moving Parties and Roes 1-10 ("First Counterclaim"), trade libel, as against Moving Parties and Roes 1-10 ("Second Counterclaim"), intentional interference with contract, as against Moving Parties and Roes 1-10 ("Third Counterclaim"), and unfair business practices against Moving Parties and Roes 1-10 ("Fourth Counterclaim").

C. The Fourth Counterclaim is alleged based, in part, on the First Counterclaim (Counterclaim, ¶ 62(d)), the Second Counterclaim (Counterclaim, ¶ 62(e)) and the Third Counterclaim (Counterclaim, ¶ 62(f)). The First Counterclaim, Second Counterclaim, Third Counterclaim and the portions of the Fourth Counterclaim referred to in the preceding sentence are referred to hereinafter as the "Released Counterclaims".

D. On October 14, 2005, Moving Parties filed and served a Special Motion to Strike under California Code of Civil Procedure section 425.16 (the "Anti-SLAPP Motion"), a Motion to Strike under Federal Rules of Civil Procedure ("FRCP") Rule 12(f) (the "12(f) Motion") and a Motion to Dismiss under FRCP Rule 12(b)(6) (the "12(b)(6) Motion") (collectively, the "Motions Attacking the Counterclaims").

E. The Court docketed the hearing for the Motions Attacking the Counterclaims on November 23, 2005.

F.  Moving Parties and Counterclaimants (each referred to herein as a "Party" and collectively as the "Parties") now wish to enter into a stipulation to resolve certain claims set out in the Counterclaim and the matter of Motions Attacking the Counterclaims. By this Stipulation, the Parties wish to effect the withdrawal of the Motions Attacking the Counterclaims without prejudice as to the merits, a voluntary dismissal with prejudice of the Released Counterclaims and a stipulation by the Counterclaimants to promptly amend the Counterclaim and not to reassert the Released Counterclaims (the result of such amendment to the Counterclaim shall be referred to herein as the "Amended Counterclaim").

NOW THEREFORE, the parties agree as follows:

1.  This Stipulation is entered into pursuant to Federal Rules of Evidence, Rule 408, and California Evidence Code section 1152 and shall not be admissible in federal or California courts or any other tribunal or arbitral proceeding for any purpose except to the extent necessary to prove the existence of this Stipulation, including, but not limited to, any issue arising from the applicable statute of limitations. Under no circumstances shall either party use this Stipulation, nor be permitted to use this Stipulation, to prove or disprove liability, if liability is later alleged by either party.

2.  In consideration of this Stipulation, the Counterclaimants shall promptly file a Voluntary Notice of Dismissal of the Released Counterclaims pursuant to Federal Rules of Civil Procedure 41(a)(1) and all factual allegations giving rise thereto, with prejudice, with all Parties to bear their own fees and costs incurred to date in prosecution and/or defense of the Released Counterclaims.

3.  Counterclaimants, both on their own behalf and on behalf of their officers, directors, shareholders, principals, employees, predecessors, successors, agents and assigns, individually and collectively, and each of them, hereby release and forever discharge each of the Moving Parties and each of their respective officers, directors, shareholders, principals, employees, predecessors, attorneys, insurers and agents, individually and collectively, from any and all claims, demands, actions, rights of action, causes of action, obligations, damages and liabilities, whether known or unknown, claimed or unclaimed, which pertain in any way to the facts giving rise to the Released Counterclaims.

4. The Counterclaimants shall have 10 days following the execution of this Stipulation to file an Amended Counterclaim, provided that Counterclaimants shall not now assert in such Amended Counterclaim nor ever reassert any Released Counterclaim based on any activities or conduct occurring prior to and including the date of this Stipulation against the Moving Parties or any of their respective officers, directors, shareholders, principals, employees, predecessors, attorneys, insurers and agents, individually or collectively. Provided Counterclaims timely file an Amended Counterclaim, Counterclaim Defendants shall have thirty (30) days from the filing of such Amended Complaint to plead in response.

5. Immediately following the execution of this Stipulation, the Moving Parties shall file a Notice of Withdrawal of the Motions Attacking the Counterclaims based and expressly conditioned on this Stipulation, dismissing the Motions Attacking the Counterclaims, without prejudice, each side to bear their fees and costs incurred to date in prosecution and/or defense of the Motions Attacking the Counterclaims.

6. If Counterclaimants breach Section 3 or 4 of this Stipulation, the Moving Parties may re-notice the Motions Attacking the Counterclaims or any portion or portions thereof.

7. The Parties hereby waive any costs and attorney's fees incurred to date in preparing or defending against the Motions Attacking the Counterclaims and the Released Counterclaims, without a waiver of any other claim or defense, provided however that neither Party shall have the right to bring any claim for bad faith, abuse of process, malicious prosecution or any other derivative claim or proceeding against the other Party, their agents or attorneys arising from the Motions Attacking the Counterclaims or the Released Counterclaims.

//
//
//
//
//
//
//
//


8. Nothing herein shall constitute a waiver, suspension, or tolling by the Moving Parties of any statute of limitations defense that existed prior to the day the Counterclaim was filed, and the Moving Parties reserve all defenses and any and all other applicable defenses.

9. This Stipulation shall be filed with the Court and the parties agree to be bound by the terms hereof.

Dated: _____, 2005

IDELL, BERMAN, SEITEL & RUTCHIK LLP

By: *Gregory Rutchik* (Digitally signed by Gregory Rutchik, DN: CN = Gregory Rutchik, C = US, Date: 2005.10.31 10:10:18 -07'00')
Gregory Alan Rutchik
Attorneys for DataPark, Intertechnomics, Inc. and Steve Haralambiew

Dated: 10/31, 2005

REED SMITH LLP

By: _____
Michael F. McCabe
Attorneys for GMG Systems, Inc., Omnimex, Omnipro, Inc., Krasimir Gospodinov, Valentin Georgiev and Tzvetan Mikov

AS STIPULATED IT IS SO ORDERED:

Dated: 11/2/05

By: _____
THE HONORABLE PHYLLIS HAMILTON