Gregory Alan Rutchik, Esq. (SBN 195423)
LINER YANKELEVITZ, SUNSHINE
 & REGENSTREIF LLP
199 Fremont Street, 20th Floor
San Francisco, California 94105
Telephone:    415-489-7700
Facsimile:    415-489-7701

Attorneys for Plaintiffs/Counterdefendants
DataPark, Inc. and Intertechnomics, Inc.
and Third Party Defendant Steve Haralambiew

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DATAPARK, INC., et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>GMG SYSTEMS, INC., a Nevada corporation; et al.<br><br>　　　　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS AND THIRD-PARTY CLAIMS. | No. C-05-02275-PJH<br><br>**STIPULATION TO WITHDRAW DEFENDANTS' MOTION TO REMOVE PLAINTIFF'S DESIGNATION OF "ATTORNEYS' EYES ONLY"; [~~PROPOSED~~] ORDER** |

　　　　THIS STIPULATION is entered into by and between plaintiffs/counter-defendants DataPark, Inc. and Intertechnomics, Inc. and third-party defendant Steve Haralambiew, by and through their counsel Gregory Alan Rutchik of Liner Yankelevitz Sunshine & Regenstreif LLP, on the one hand, and defendants, counterclaimants and third-party plaintiffs GMG Systems, Inc. and Omnipro Incorporated, and defendants Omnimex, Krasimir Gospodinov, Valentin Georgiev and Tzvetan Mikov ("defendants"), by and through their counsel David T. Alexander of MBV Law LLP, on the other hand.

　　　　This Stipulation is made with reference to the following facts:

　　　　1.　　Defendants filed a Notice of Motion and Motion to Remove Plain-

1 tiff's Designation of "Attorneys' Eyes Only" on March 14, 2006 to move this Court to remove the "Attorneys' Eyes Only" designation from plaintiffs' identification of their trade secrets and responses to defendants' first set of interrogatories ("GMG Motion").

2. On March 22, 2006, Magistrate Spero ordered that: the GMG Motion would be set for hearing on May 5, 2006, that plaintiffs would file/serve their opposition by April 12, 2006 and defendants would file/serve their reply by April 19, 2006. Magistrate Spero also ordered the parties to meet and confer further in person and to file with the Court a Joint Letter.

3. The parties have met and conferred on the substantive issue of the GMG Motion and have agreed that:

    a. The GMG Motion shall be withdrawn, without prejudice, and the order setting the hearing/brief calendar for the GMG Motion vacated;

    b. Defendants shall have access to plaintiffs' Section 2019.210 trade secret statement and plaintiffs' Response No. 1 to counterclaimants' Special Interrogatories, First Set ("Plaintiffs' Trade Secret Statement") as follows: Plaintiffs' Trade Secret Statement shall not leave possession of defendants' attorney. Defendants' review shall occur only under supervision of their attorney, at his office, and defendants shall not be permitted to take notes or make copies of Plaintiffs' Trade Secret Statement.

4. This Stipulation shall be filed with the Court and the parties agree to be bound by the terms hereof.

                    LINER YANKELEVITZ SUNSHINE
                                                                                                                                                                                         & REGENSTREIF LLP

Dated: March 29, 2006.           By     s/Gregory Alan Rutchik
                                                                                                                                                         Gregory Alan Rutchik
                                                           Attorneys for Plaintiffs/Counterdefendants
                                                           DataPark, Inc. and Intertechnomics, Inc. and
                                                           Third-Party Defendant Steve Haralambiew

MBV LAW LLP

Dated: March 29, 2006.   By  s/David T. Alexander
David T. Alexander
Attorneys for Defendants GMG Systems, Inc., Omnimex, Omnipro Incorporated, Valentin Georgiev, Krasimir Gospodinov and Tzvetan Mikov

## ORDER

Having read the foregoing stipulation and good cause appearing therefor:

1. This Court vacates the prior order setting the hearing and briefing calendar for the GMG Motion;

2. Defendants shall have limited access to Plaintiffs' Section 2019.210 trade secret statement and plaintiffs' Response No. 1 to Counterclaimants' Special Interrogatories, First Set ("Plaintiffs Trade Secret Statement") as follows: Plaintiffs' Trade Secret Statement shall not leave possession of defendants' attorney. Defendants' review shall occur only under supervision of their attorney, at his office, and defendants shall not be permitted to take notes or make copies of Plaintiffs' Trade Secret Statement.

IT IS SO ORDERED.

Dated: March 31, 2006.



USDC Judge Joseph C. Spero

-3-  STIPULATION RE GMG'S MOTION TO REMOVE PLAINTIFF'S "AEO" DESIGNATION; ORDER
NO. C-05-02275 PJH

352410.DOC